# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA HOSEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2573 |
| | § | |
| NETWORK FUNDING, LP, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court are two motions: (1) a motion to remand filed by plaintiff Rhonda Hosey ("Hosey") (Dkt. 11); and (4) a motion to dismiss filed by defendants Wells Fargo Bank, N.A. ("Wells Fargo"); Government National Mortgage Association ("Ginnie Mae"), as Trustee for the Guaranteed REMIC Pass-Through Trust 2009-10 (the "trust"); and Mortgage Electronic Registration System ("MERS") (collectively, the "moving defendants"). Dkt. 7. The court has considered the motions, responsive briefing, record evidence, and applicable law. For the reasons that follow, Hosey's motion to remand (Dkt. 11) is **DENIED**, and the moving defendants' motion to dismiss (Dkt. 7) is **GRANTED**. Hosey's claims are **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

On or around October 27, 2009, Hosey took out a home loan in the amount of $78,203.00 in favor of Network Funding, LP ("Network Funding"), the "Lender," for the purchase of a home in Houston, Texas. Dkt. 7, Ex. A (the promissory note). Hosey contemporaneously executed a deed of trust (the "deed") to secure payment of the note.[1] Dkt. 7, Ex. B (the deed). The deed named

---

[1] Courts interchangeably use the terms "deed of trust" and "mortgage" throughout the relevant case law. *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 351 (Tex. App.—Austin 1996, no writ) (defining "deed of trust" as a mortgage with power to sell on default). This court will generally refer to the "deed of trust" in this opinion as simply the "deed."

MERS as the nominee for Network Funding and its successors and assigns.[2]  *Id.* at 1.  The deed also specified that MERS had "the right to foreclose and sell the [home]; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."  *Id.* at 2.  On November 30, 2011, MERS executed an assignment of the note and deed in which MERS purported to assign the note and deed to Wells Fargo.  Dkt. 7, Ex. C (assignment).

The note required Hosey to remit monthly payments to the Lender on the first day of each month beginning December 1, 2009.  Dkt. 7, Ex. A at 1 ¶ 4(A).  Hosey fell behind her payments, however, and she defaulted under the terms of the note.  Dkt. 7, Ex. D (acceleration notice).  Wells Fargo purchased the home at a public foreclosure sale on July 3, 2012, and subsequently instituted eviction proceedings.  Dkt. 10, Ex. F (trustee's deed).

On July 15, 2013, Hosey filed this lawsuit in the 334th Judicial District Court of Harris County, Texas.  Dkt. 1 (notice of removal) at 2 ¶ 1.  The moving defendants removed the case to this court on September 3, 2013.  *Id.* at 1.  Hosey asserts the following claims in her original petition: a declaratory judgment claim to prevent a wrongful foreclosure; quiet title; and injunctive relief.  Dkt. 1, Ex. B.2 at 8–12.  In addition to the moving defendants, Hosey asserts her claims against Network Funding and two unnamed sets of defendants, Does 1 Through 100 and law enforcement officers charged with execution of a writ of possession.  *Id.* at 3 ¶¶ 8–9.

## II. ANALYSIS

As Hosey's motion to remand addresses the threshold question of subject-matter jurisdiction, the court will evaluate that motion first before turning to the Rule 12(b)(6) motion to dismiss.  *See*

---

[2] The MERS system is an "electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans."  *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368, 1370 (J.P.M.L. 2009).

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003 (1998) (reiterating the long-standing rule that "'[w]ithout jurisdiction the court cannot proceed at all in any cause'") (quoting *Ex parte McCardle*, 7 U.S. (Wall.) 506, 514 (1868)).   In essence, as the briefing stands today, the moving defendants assert that complete diversity is present if the court disregards the citizenship of (1) the unnamed defendants; (2) the trust's beneficiaries; and (3) Network Funding, which moving defendants claim was improperly joined.   The court considers whether it may disregard the citizenship of each set of actual or alleged parties in turn.

### A.   *The Jurisdictional Issues*

### 1.   **The Unnamed Defendants**

Hosey claims in her petition that certain unnamed defendants, labeled Does 1 through 100, are liable to her or claim some right, title, or interest in her home. Dkt. 1, Ex. B.2 at 3 ¶ 8.  She also sues any law enforcement officer that executes a writ of possession, in his or her official capacity only.  *Id.* at 3 ¶ 9.  The moving defendants argue that the citizenship of unnamed or potential co-defendants should be disregarded when their presence would destroy diversity. Dkt. 1 at 9 ¶ 27.  The court agrees that the citizenship of potential and fictitious co-defendants is disregarded in the diversity analysis.  *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88 (2005) (finding that the court of appeals erred in requiring the citizenship of a potential co-defendant to be diverse from that of the plaintiff); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475–76 (5th Cir. 2001).  The court will therefore disregard the potential Texas citizenship of either the Doe defendants or the unidentified law enforcement officers.

3

## 2.     The Trust Beneficiaries

Hosey contends that although the trustee Ginnie Mae is a citizen of the District of Columbia, the citizenship of the trust's beneficiaries must be taken into account in the diversity analysis.  Dkt. 11 at 9.  However, Hosey did not sue the trust itself; she sued the trustee, albeit in a representative capacity.   When a trustee is the named and real party in interest within a lawsuit, the trustee's citizenship is relevant for the purpose of diversity jurisdiction.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 191–94, 110 S. Ct. 1015 (1990); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465, 100 S. Ct. 1779 (1980); *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 200–01 (3d Cir. 2007) (distinguishing between cases in which the trustee sues or is sued in its representative capacity, in which the trustee's citizenship controls, and cases in which the trust itself is a named party). Accordingly, the court need not consider the citizenship of the trust's beneficiaries as part of its jurisdictional analysis.   The trustee, Ginnie Mae, is diverse from Hosey as a national banking association with its main office and citizenship in the District of Columbia.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318, 126 S. Ct. 941 (2006).

## 3.     Network Funding

The moving defendants assert that Hosey improperly joined Network Funding, a Texas citizen, and complete diversity of jurisdiction is present if its citizenship is disregarded.  Dkt. 16 at 3–5.  The burden to demonstrate that federal jurisdiction is proper, and that a party was improperly joined, lies with the party seeking removal.  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 2004).  Improper joiner is established through the presence of "actual fraud in the pleading of jurisdictional facts" or "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  The latter is at issue

in this case, and the relevant test is "whether the defendant has demonstrated . . . that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant" under state law. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). If there is no such basis, then ordinarily the in-state defendant has been improperly joined, and removal jurisdiction is present to defeat a motion to remand. *Id.* "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

Hosey's substantive claims for declaratory relief and quiet title are predicated on her allegation that a defendant asserting an interest under the note and/or deed of trust lacks a superior property interest and may not foreclose due to defects in the assignment process. Dkt. 1, Ex. B.2 at 7–11. However, Hosey's own pleading does not allege that Network Funding, the original mortgagee, holds an interest in her note or deed or trust, *id.* at 7–8, and she has not alleged that Network Funding has made any attempt to foreclose. Accordingly, she has no reasonable possibility of recovery against Network Funding, and the court finds that it was improperly joined.

The court therefore disregards the citizenship of Network Funding, the trust's beneficiaries, and the unnamed defendants. Because the remaining defendants are completely diverse from Hosey, her motion to remand (Dkt. 11) is **DENIED**.

### B.    *The Motion to Dismiss*

Now that the court is assured that subject-matter jurisdiction exists, it turns to the moving defendants' motion to dismiss Hosey's claims on the merits.

5

### 1.    <u>Legal Standard</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In turn, a party against whom claims are asserted may move to dismiss those claims when the pleader has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To meet this standard, a pleading must offer "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[N]aked assertions devoid of further factual enhancement," along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### 2.     <u>Analysis</u>

Hosey pled two causes of action in her petition and also sought injunctive relief to prevent foreclosure.  The court considers the defendants' dismissal arguments as to each of these issues.

### a.     *Lack of Standing/Declaratory Judgment*

In her first claim, Hosey seeks a declaration that the foreclosure of her home was wrongful because no defendant has standing to foreclose due to defects in the assignment and securitization process.  Specifically, her wrongful foreclosure allegations can be grouped into three categories: (1) defendants cannot show proper indorsements of the note and deed; (2) defendants did not comply with the securitization requirements of the applicable Pooling and Servicing Agreement ("PSA");[3] and (3) an unauthorized agent for MERS improperly assigned the power of sale under the deed to Wells Fargo, thus invalidating the assignment.  Under recent Fifth Circuit case law, however, all of these grounds fail and her claim for declaratory relief must be dismissed.

First, Hosey contends that defendants cannot show an unbroken chain of indorsements of the note and security instrument.  This allegation is misplaced, however, because the Harris County property records indicate that the mortgage was assigned from MERS, as the nominee for Network Funding, to Wells Fargo.  *See* Dkt. 7, Ex. C.  The Fifth Circuit has held that a complete chain of assignments is sufficient to establish standing to foreclose, even without the original note.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013).

---

[3] "Securitization" refers to the "process of pooling loans and selling them to investors on the open market." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011).  A PSA is one of many "complex, interrelated contracts" typically executed when a mortgage securitization trust is formed. *Chase Manhattan Mortg. Corp. v. Advanta Corp.*, No. Civ. A. 01-507 KAJ, 2005 WL 2234608, at *1 (D. Del. Sept. 8, 2005).  In a mortgage securitization, the securitizing party acquires mortgage notes, pools them together, and then sells them into a trust. *Id.*  Interests in the trust are sold to investors, and the money raised is used for new mortgages. *BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp.*, 673 F.3d 169, 173 (2d Cir. 2012).  In this case, defendant Ginnie Mae acted as the trustee for the trust, the assignee of Hosey's promissory note and security instrument.

Second, Hosey challenges standing to foreclose based on alleged irregularities in the securitization of her note. Yet this argument was recently rejected by the Fifth Circuit. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d 700 (5th Cir. 2013). In *Reinagel*, the mortgagors defaulted on their note and sought to enjoin foreclosure, contending that the assignments by which the bank obtained the note and deed were invalid. *Id.* at 702. The Fifth Circuit initially held that the mortgagors could argue that the transfers were void, because while "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may* defend 'on any ground which renders the assignment void.'" *See id.* at 705 (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ)); *see also Ortiz v. CitiMortgage, Inc.*, — F. Supp. 2d —, 2013 WL 3157907, at *4 (S.D. Tex. 2013) (Miller, J.) (holding that plaintiffs could challenge an assignment on grounds that it did not occur because such an allegation goes to the issue of validity *ab initio*). This holding extends to assignments in the securitization process, but a breach of the PSA would not render it void. Thus, mortgagors may not challenge the resulting validity of the PSA itself. *Reinagel*, 722 F.3d at 708. To the extent Hosey is arguing that MERS's assignment of the note and deed to Wells Fargo is procedurally or substantively irregular under the PSA, she has no standing to do so against a subsequent mortgagee.

Lastly, Hosey contends that MERS's purported agent lacked actual authority to assign the deed to Wells Fargo. But assuming this allegation to be true, it would only render the assignment voidable, not void. *Id.* at 706–07; *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976) (holding that a contract executed by a person falsely claiming to be a corporate officer is voidable by the defrauded

corporation); 29 RICHARD A. LORD, WILLISTON ON CONTRACTS § 74:50 (4th ed. 2012) ("If the objection to the validity of an assignment is not that it is void but voidable only at the option of the assignor, or of some third person, the debtor has no legal defense whether or not action is brought in the assignee's name, for it cannot be assumed that the assignor is desirous of avoiding the assignment."). Under *Reinagel*, Hosey has no standing to challenge MERS's assignment on grounds that MERS lacked the authority to do so.

Because Hosey's three contentions fail as a matter of Texas law, the public records sufficiently demonstrate that Wells Fargo has the authority to enforce the deed. *Martins*, 722 F.3d at 253. As the last grantee in the recorded chain of title, Wells Fargo is a "mortgagee" under Texas law and has standing to administer a foreclosure sale. TEX. PROP. CODE § 51.001(4); *id.* § 51.0025. Hosey's declaratory judgment claim is dismissed with prejudice.

### b.    *Quiet Title*

Hosey next alleges that no defendant holds a perfected and secured claim to her home, and thus the court should quiet title in her name and enjoin defendants from asserting any adverse interest in the home. Dkt. 1, Ex. B.2 at 11. Moving defendants seek dismissal of this claim on grounds that Hosey cannot show a superior interest in the real property. Dkt. 7 at 10–11. The court agrees with the moving defendants.

A claim for quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886)). "[T]he plaintiff has the burden of supplying the proof necessary to establish his *superior equity and right to relief*." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st

9

Dist.] 2009, pet. denied) (emphasis added).  The effect, therefore, of a suit to quiet title is to establish

that the defendant's claim to title is "invalid or ineffective."  *Gordon v. W. Houston Trees, Ltd.*, 352

S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

As a matter of law, Hosey cannot demonstrate a superior right to relief.  Defendants' claimed

authority to foreclose is valid, and this fact precludes Hosey's suit to quiet title.  Hosey's quiet title

claim is dismissed with prejudice.

### c.      Injunctive Relief

Lastly, Hosey asserts a right to enjoin the foreclosure.  Dkt. 1, Ex. B-2 at 13.  But injunctive

relief is dependent on viable causes of action.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.

2002).  Hosey's request for injunctive relief is therefore dismissed with prejudice.

### III.  CONCLUSION

For the foregoing reasons, Hosey's motion to remand (Dkt. 11) is **DENIED**, and the moving

defendants' motion to dismiss (Dkt. 7) is **GRANTED**.  Hosey's claims are **DISMISSED WITH

PREJUDICE**.

It is so **ORDERED**.

Signed at Houston, Texas on November 8, 2013.

_____
Gray H. Miller
United States District Judge